UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS,

      Plaintiff,

                                  Case No. 14-11054

v.

                                  Hon. John Corbett O'Meara

UNITED STATES OF AMERICA,

      Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, to which

Plaintiff has responded. No reply was filed and the court did not hear oral

argument pursuant to L.R. 7.1.

**BACKGROUND FACTS**

Plaintiff Charles Edkins filed two complaints, which have been consolidated

here, regarding the alleged failure of the Internal Revenue Service to provide

proper notice of a tax levy and tax lien. Specifically, Plaintiff contends that the

IRS sent statutory notices to his last known address on file when they knew or

should have known that he was in prison. Plaintiff seeks relief under 26 U.S.C. §

7433, which provides:

> If, in connection with any collection of Federal tax with respect
> to a taxpayer, any officer or employee of the Internal Revenue
> Service recklessly or intentionally, or by reason of negligence,
> disregards any provision of this title, or any regulation
> promulgated under this title, such taxpayer may bring a civil
> action for damages against the United States in a district court
> of the United States.  Except as provided in section 7432
> [failure to release a lien], such civil action shall be the exclusive
> remedy for recovering damages resulting from such actions.

Id.

Plaintiff has had longstanding tax troubles with the IRS.  In 2008, he

pleaded guilty to four counts of income tax evasion in violation of 26 U.S.C. §

7201.  See United States v. Edkins, Case No. 05-CR-151 (W.D. Mich.).  The

indictment alleged that Plaintiff filed false income tax returns for the years 1995-

1998 and that he failed to file tax returns for 1998-2003.  Plaintiff was sentenced to

four years in prison and three years of supervised release.  In addition, Plaintiff

was ordered to pay $245,930 in restitution.

After his release from prison, Plaintiff failed to cooperate with IRS officials,

in violation of the conditions of his supervised release.  As a result, the court

revoked his supervised release on January 6, 2012, and remanded him for a twenty-

four month prison term.

In addition to the criminal tax case, the IRS conducted a civil audit of

Plaintiff's unpaid tax obligations.  On March 26, 2010, the IRS sent a notice of

deficiency to Plaintiff, advising him that he owed $217,381, plus penalties and

interest, for tax years 1995-1998.  On June 27, 2011, Plaintiff was advised that an

assessment had been made and that, with the penalties, he owed $438,136.49 plus

interest.  On February 20, 2012, a notice of intent to levy was sent to Plaintiff at 60

Division Ave. S., Apt. 543, Grand Rapids, MI 49503.  Plaintiff did not receive that

notice, because he had been in prison since January 2012.

On February 24, 2012, the Clerk's Office for the United States District Court

for the Western District of Michigan received payment from Bank Julius Bär &

Co., Ltd., in the amount of approximately $300,000, which had been in Plaintiff's

offshore account.  The court applied this payment to Plaintiff's unpaid restitution,

leaving a surplus of $58,732.14.

On April 5, 2012, the Clerk's Office received a notice of levy regarding

Plaintiff from the IRS, totaling $923,774.71.  On April 10, 2012, the court ordered

the release of the surplus funds in the amount of $58,732 for disbursement to the

IRS.

On April 16, 2012, Plaintiff objected to the notice of levy in a filing with the

court.  Plaintiff also filed a motion for the court to set aside its April 10, 2012 order

releasing the funds to the IRS.  Plaintiff argued that the surplus funds should have

-3-

been deposited into his prisoner commissary account.  On May 17, 2012, the court denied Plaintiff's motion, finding that it had "properly released the surplus funds as partial satisfaction of Defendant's outstanding civil tax debt." Case No. 05-CR-151 (Docket No. 138).  In an attempt to collect the remaining balance, the IRS filed a notice of federal tax lien against Plaintiff on September 6, 2012, which was also sent to Plaintiff's Grand Rapids, Michigan, address.

On June 6, 2013, Plaintiff submitted an offer in compromise (OIC) for income tax years 1995, 1996, 1997, 1998, 2000, 2002, 2003, 2004, 2005, and 2008.  Plaintiff submitted amended OICs on June 8, 2013, and December 16, 2013. Essentially, Plaintiff contended that he was unable to pay the full deficiency because he was disabled, unemployed, and could not afford a car.  The IRS accepted Plaintiff's OIC (of $50) on March 27, 2014.  On April 25, 2014, the IRS filed a certificate of release of Plaintiff's federal tax lien.

On February 25, 2014, Plaintiff filed an administrative claim with the IRS under 26 U.S.C. § 7433 regarding the April 2012 levy.  Plaintiff contended that the February 2012 notice was improper because the IRS knew that he was in prison, but sent the notice to his previous address.  The IRS denied the claim, stating that Plaintiff "did not give the Service a clear and concise change of address change; therefore, you were properly noticed at the last known address."

-4-

Plaintiff also requested the withdrawal of the tax lien on the same grounds (improper notice), which was denied on March 3, 2014. As noted above, the tax lien was ultimately released on April 25, 2014, as a result of the IRS's acceptance of Plaintiff's OIC.

In March 2014, Plaintiff filed the two complaints that are the basis of this action, which were consolidated on September 10, 2014.  Defendant seeks summary judgment pursuant to Fed. R. Civ. P. 56.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II.   Notice of Intent to Levy

-5-

Defendant argues that, even accepting Plaintiff's argument that it knowingly sent the February 20, 2012 notice of intent to levy to the wrong address, Plaintiff cannot state a claim under 26 U.S.C. § 7433. Defendant contends that it sent Plaintiff a notice of intent to levy in August 2000. See Def.'s Ex. 1. According to the IRS Form 4340 (Certificates of Assessments, Payments, and Other Specified Matters), a notice of intent to levy was sent to Plaintiff and a return receipt was signed on August 2, 2000. Section 6330 requires that the IRS give notice "only once" of an intent to levy for any taxable period. 26 U.S.C. § 6330(a)(1).

Plaintiff contends that the IRS has no proof that it sent a notice of intent to levy in August 2000. However, the official summary record is regarded as sufficient proof, absent evidence to the contrary. "Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992). According to the official record, Plaintiff received the statutory notice to which he was entitled.

Further, Plaintiff cannot show that he was damaged by the alleged lack of notice. It is undisputed that Plaintiff received actual notice of the levy and challenged it in his criminal case. Although Plaintiff seeks the return of the levied

funds, such relief is not available under these circumstances, where he can only recover the costs of the action and "actual, direct economic damages sustained ... as a proximate result of the reckless or intentional or negligent actions of the officer or employee." 26 U.S.C. § 7433(b).[1] Plaintiff did not lose the levied funds because of the lack of notice, but because he owed back taxes. See Music v. United States, 17 F. Supp.3d 1327, 1334 (N.D. Ga. 2014) ("Plaintiff mistakenly equivocates the validity of the levy with the validity of the assessment giving rise to the levy. Even though the levy did not comply with a statutory notice requirement, plaintiff still owes back taxes."). Plaintiff cannot challenge the amount of taxes he owes pursuant to § 7433. Gonsalves v. I.R.S., 975 F.2d 13, 16 (1st Cir. 1992) ("Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court. 26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures.").

For these reasons, the court will grant summary judgment in favor of Defendant with respect to Plaintiff's claim regarding the notice of levy.

---

[1] No "costs of the action" were incurred here, as Plaintiff was granted *in forma pauperis* status and did not pay the filing fee.

### III.   <u>Notice of Federal Tax Lien</u>

Plaintiff also claims that the notice of federal tax lien, dated September 4, 2012, was improper because it was sent to the wrong address and he did not receive notice of it.  With respect to this claim, Plaintiff has not shown that he exhausted his administrative remedies.  Although he requested that the IRS withdraw the lien, he did not file an administrative claim for damages under § 7433.  As a result, he is not entitled to damages here.  <u>See</u> 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.").

Further, the only basis upon which Plaintiff challenges the tax lien is the lack of notice.  But the validity and priority of a lien is "not conditioned on notification to the taxpayer pursuant to section 6320." 26 C.F.R. § 301.6320-1.  In addition, Plaintiff has not demonstrated that he has suffered actual damages as a result of the allegedly erroneous lien, which has since been released.

For all of these reasons, the court will grant summary judgment in favor of Defendant with respect to Plaintiff's lien claim.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment

is GRANTED.  Judgment will be entered in favor of Defendant.


<u>s/John Corbett O'Meara</u>
United States District Judge

Date:  March 7, 2016




I hereby certify that a copy of the foregoing document was served upon the
parties of record on this date, March 7, 2016, using the ECF system and/or
ordinary mail.


<u>s/William Barkholz</u>
Case Manager